IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTESANIAS HACIENDA REAL S.A. de C.V., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 16-4197 |
| | : | |
| v. | : | |
| | : | |
| NORTH MILL CAPITAL LLC and LEISAWITZ HELLER, | : | |
| | : | |
| Defendants. | : | |

### **MEMORANDUM OPINION**

Smith, J.                                                                                                                                            December 1, 2022

On November 12, 2022, the plaintiff filed its motion *in limine* to offer and rely on prior deposition testimony and related exhibits thereto of witness Jim Lightburn ("Lightburn Motion"). *See* Doc. No. 160. As of today, neither defendant has filed a response to this motion *in limine*. In light of this, the plaintiff filed a notice asserting that the defendants have waived their rights to respond to the motion and requesting that this court grant the Lightburn Motion as uncontested. *See* Doc. No. 165. The plaintiff bases its argument off the language of Local Rule of Civil Procedure 7.1(c), which states that "[u]nless the Court directs otherwise, any party opposing [a] motion shall serve a brief in opposition . . . within fourteen (14) days after service of the motion and supporting brief." E.D. Pa. Loc. Civ. R. 7.1(c). According to the plaintiff, the defendants only had until November 28, 2022 to file any opposition to its Lightburn Motion. *See* Doc No. 165 at ECF p. 2. In response to the plaintiff's notice, defendant Leisawitz Heller filed a motion to strike the plaintiff's notice. *See* Doc. No. 166. After considering both the plaintiff's notice and Leisawitz Heller's motion, this court finds that the plaintiff's notice must be stricken and its requested relief must be denied.

While the plaintiff is correct that Rule 7.1(c) establishes a default 14-day deadline to respond to motions *in limine*, the plaintiff ignores the crucial five words that come at the beginning of the provision it cites: "Unless the Court directs otherwise." E.D. Pa. Loc. Civ. R. 7.1(c). Here, this court issued a second amended scheduling order—the operative scheduling order in this matter—clearly stating that "[t]he parties shall file responses to motions *in limine* by **December 12, 2022**." Doc. No. 159 at ¶ 3. Thus, pursuant to Rule 7.1(c), because this court has directed that the parties in this matter may file responses to motions *in limine* by December 12, 2022, the defendants have not waived their rights to respond to the Lightburn Motion. The fact that the plaintiff filed the Lightburn Motion on November 12, 2022 is immaterial to the defendants' deadline to respond.

Accordingly, this court finds that Leisawitz Heller's motion to strike the plaintiff's notice (Doc. No. 166) must be granted and that, in turn, the plaintiff's notice (Doc. No. 165) must be stricken and any request for relief in it must be denied. The defendants may respond to the Lightburn Motion at any time before and up until December 12, 2022.

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.